UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BALKAMP, INC. and GENUINE PARTS COMPANY, | ) ) ) |
| *Plaintiffs*, | ) ) |
| vs. | ) ) 1:20-cv-1141-JMS-MJD |
| HARBOR INDUSTRIES, INC., G.A. RICHARDS COMPANY, and HARTFORD UNDERWRITERS INSURANCE COMPANY, | ) ) ) ) ) ) |
| *Defendants*. | ) |

**ORDER**

Plaintiffs Balkamp, Inc. ("Balkamp") and Genuine Parts Company ("Genuine") bring this action against Defendants Harbor Industries, Inc. ("Harbor Industries"), G.A. Richards Company ("GA Richards"), and their insurer, Hartford Underwriters Insurance Company ("Hartford"), seeking indemnification and insurance coverage for costs stemming from a separate personal injury lawsuit filed by a customer who was injured in Plaintiffs' store by a display panel purchased from Harbor Industries. Hartford has filed a Motion to Stay Counts II and IV of Plaintiffs' Complaint, [Filing No. 49], which is now ripe for the Court's review.

**I.**
**STANDARD OF REVIEW**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 683 (1997) (recognizing that a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"). "A stay is not a matter of right,

1

even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). Instead, a court must exercise its discretion and evaluate the circumstances of the particular case. *Id.* (citations omitted). Specifically, a court should consider "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Am. Senior Communities, LLC v. Burkhart*, 2019 WL 415614, at *2 (S.D. Ind. Feb. 1, 2019) (quoting *Pfizer Inc. v. Apotex Inc*. 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Nken*, 556 U.S. at 433-34 (citations omitted).

## II.
### BACKGROUND

In January 2018, Thomas MacCartee filed a lawsuit in California state court ("the MacCartee Action") against Genuine, GA Richards, and others, alleging that he was injured when a display panel fell on him while he was shopping in a Napa Auto Parts store owned by Genuine. [Filing No. 1-4.] The display panel was allegedly purchased by Balkamp from Harbor Industries. [Filing No. 1-2 at 7.] Following the resolution of the claims in the MacCartee Action, Balkamp and Genuine filed this action in Indiana state court, alleging that Harbor Industries and GA Richards (collectively, "the Harbor Defendants") breached their contract with Plaintiffs by failing to defend and indemnify Plaintiffs in the MacCartee Action and by failing to properly maintain insurance covering Plaintiffs. [Filing No. 1-2 at 9-11.] Plaintiffs also assert claims against Hartford, alleging that it violated the terms of its insurance policy with GA Richards ("the Policy") by refusing to defend and indemnify Plaintiffs in the MacCartee Action (Count II) and seeking a

declaratory judgment (Count IV). [Filing No. 1-2 at 11.] Hartford removed the case to this Court based on diversity jurisdiction. [Filing No. 1.]

Thereafter, Hartford filed a motion to dismiss the claims against it, [Filing No. 10], and the Harbor Defendants filed a separate motion to dismiss, incorporating the arguments raised in Hartford's motion, [Filing No. 17]. In relevant part, all Defendants argued that Plaintiffs failed to state a claim upon which relief could be granted because the sale of the display panel was governed by a set of terms and conditions imposed on all of Harbor Industries' sales beginning in 2015 (the "2015 Terms and Conditions"), which did not contain an indemnity provision or additional insured status requirement. [Filing No. 11 at 6-11; Filing No. 18 at 3.] Plaintiffs responded that the sale of the display panel was governed by an indemnity agreement executed by Balkamp and Harbor Industries in 2004 (the "2004 Indemnity Agreement"), which obligates Harbor Industries to indemnify Balkamp from any and all liability arising out of a claim that products purchased by Balkamp from Harbor Industries caused injury to a person and to maintain a products liability insurance policy naming Balkamp and others as additional named insureds. [Filing No. 31 at 3-14.] Plaintiffs also argued that, because Balkamp was named as an additional insured under the Policy, Hartford was required to defend and indemnify Balkamp. [Filing No. 31 at 15.] The Court denied both motions, concluding that issues of fact remain regarding whether the sale of the display panel was subject to the 2004 Indemnity Agreement or the 2015 Terms and Conditions. [Filing No. 41 at 8-9.] Hartford has now filed a Motion to Stay Counts II and IV of Plaintiffs' Complaint, [Filing No. 49], which is ripe for the Court's review.

### III.
### DISCUSSION

Hartford argues that the balance of competing interests weighs in favor of staying Counts II and IV until there is a ruling on which contract controls the sale of the display panel. [Filing

No. 50 at 5.] Hartford asserts that because it was not a party to the sale, it will not be involved in the resolution of the question of which contract applies. [Filing No. 50 at 5.] Only after that issue is resolved, Hartford argues, can it be determined whether Plaintiffs qualify as additional insureds under the Policy, because the Policy provides additional insured status only for parties who have a written agreement for such status with GA Richards. [Filing No. 50 at 5-6.] Hartford asserts that staying Counts II and IV will not affect the substantial rights of the parties because "Plaintiffs' claims against [the Harbor Defendants] must be decided in any event prior to there being a decision regarding Plaintiffs' claims against Hartford." [Filing No. 50 at 6.] In addition, Hartford argues that a stay is proper because the claims against it will not be ripe until it is determined which contract controls, adding that "there is a possibility that resolution of Plaintiffs' contract claims against [the Harbor Defendants] would render Plaintiffs' claims against Hartford moot, or alleviate the need for further litigation, thus further demonstrating the fact that the insurance claims are not ripe." [Filing No. 50 at 6-7.] Finally, Hartford contends that granting a stay will not prejudice any party because "discovery pertinent to Plaintiffs' claims against Hartford does not overlap with the discovery pertinent to Plaintiffs' claims against [the Harbor Defendants]," and failure to stay the case "would result in Hartford being required to participate in unnecessary discovery and litigation activity when Hartford is essentially a neutral bystander on this threshold contract question." [Filing No. 50 at 7.]

In response, Plaintiffs argue that their claims against Hartford are ripe and not contingent upon the outcome of their claims against the Harbor Defendants because the "claims for additional insured coverage exist separately from the claims for contractual indemnification." [Filing No. 56 at 5-6.] Plaintiffs assert that "the contractual issues that govern the relationship between Plaintiffs and [the Harbor Defendants] a[re] inextricably intertwined with the claims asserted against

4

Hartford, such that discovery on all counts will not only overlap, it will effectively be identical," and therefore granting a stay would prejudice Plaintiffs by forcing them to engage in the same discovery twice, burdening both the parties and the Court. [Filing No. 56 at 6-7.] Plaintiffs also argue that although "one of the predominating issues before this Court is identifying which contract governs the relationship amongst the Parties, even after that issue is resolved, issues of contract interpretation, application, and evaluation of the underlying liabilities in the MacCartee Action may still exist." [Filing No. 56 at 7-8.] Accordingly, they contend, allowing Hartford to stay the proceedings on these issues would not only result in duplicative discovery but would also complicate the litigation and burden Plaintiffs and the Court by prolonging the litigation and forcing Plaintiffs to relitigate issues that affect the Harbor Defendants and Hartford equally. [Filing No. 56 at 8.]

In reply, Hartford reiterates that the threshold issue in this action is which contract controls the sale of the display panel, because Plaintiffs' claims against Hartford are contingent upon whether the Harbor Defendants were required to provide contractual indemnification, additional insured coverage, or both to the Plaintiffs. [Filing No. 57 at 1-2.] Hartford asserts that this issue should be litigated between Plaintiffs and the Harbor Defendants because it is undisputed that those were the only parties involved in the contracts and Hartford does not have any independent knowledge, information, or documentation relevant to that issue. [Filing No. 57 at 2.] Hartford further argues that Plaintiffs do not have a ripe claim against it because the Policy expressly provides that other entities can constitute additional insureds only if GA Richards has agreed in writing to add the entities as additional insureds, so Plaintiffs cannot seek coverage unless and until it is established that such a written agreement exists and is valid. [Filing No. 57 at 2-4.] Hartford argues that granting a stay will not cause prejudice to any party because, following the

Court's decision regarding which contract controls, the parties will not need to relitigate that issue and instead could proceed to litigating the issue of coverage afforded under the Policy, which would not require any overlapping analysis. [Filing No. 57 at 4-5.] On the other hand, Hartford asserts, it would be prejudiced if forced to expend the time and resources engaging in discovery regarding an issue of which it has no independent knowledge. [Filing No. 57 at 5.]

"Ripeness is predicated on the 'central perception . . . that courts should not render decisions absent a genuine need to resolve a real dispute,' and '[c]ases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts.'" *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008) (alterations in original) (internal citations omitted). In support of its contention that Plaintiffs' claims against it are not ripe, Hartford relies upon a host of cases establishing that, in disputes concerning insurance coverage, a duty-to-indemnify claim will not be ripe until liability has been established. [*See* Filing No. 50 at 6 (citing, *inter alia*, *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003); *Burbridge v. City of E. Chicago*, 2020 WL 1433836, *2 (N.D. Ind. Mar. 24, 2020); *Hunter v. Long*, 2019 WL 4695463, *4 (N.D. Ind. Sept. 26, 2019)).] These cases, however, are inapposite. Here, the underlying liability that must be established before the question of indemnification becomes ripe is the liability of Plaintiffs to Mr. MacCartee in the MacCartee Action. Hartford does not argue that such liability has not been established, and Plaintiffs' allegations in the Complaint suggest that it has. [Filing No. 1-2 at 8 ("The defendants in the MacCartee Action globally resolved MacCartee's claims.").] Hartford is correct that the issue of which contract controls the sale of the display panel is a threshold matter that must be decided before it can be determined whether and to what extent any of the Defendants must cover the costs incurred by Plaintiffs related to the MacCartee Action. But it does not follow that the claims

6

against Hartford are not ripe. Determining which contract controls will bear on whether Plaintiffs' claims against Hartford will be successful, but does not change the fact that these claims involve an actual, concrete, and present dispute. Hartford's argument that Plaintiffs' claims are not ripe is without merit.

Furthermore, though it may be true that Hartford does not possess any independent knowledge or documentation that will allow it to meaningfully participate in discovery or litigation concerning the issue of which contract controls, that alone is not sufficient to warrant a stay of the claims against it. In its reply, Hartford stated: "At the most recent status conference with Magistrate Judge Dinsmore, Plaintiffs' counsel stated that no further written discovery is needed by Plaintiffs. And, it is difficult to imagine any depositions of Hartford representatives that would be relevant in this case." [Filing No. 57 at 5 n.2.] To the extent that additional discovery does take place, Plaintiffs will be expected to direct their efforts only at the appropriate parties, and Hartford may simply respond that it does not possess the requested information or may seek the Court's permission to decline to attend depositions or otherwise be exempted from participation in discovery regarding issues with which it is not directly involved. In addition, Hartford's assertion that it should not be involved in litigating the issue of which contract controls the sale of the display panel is inconsistent with its filing of a motion to dismiss raising that issue. Indeed, Hartford's litigation of that motion demonstrates both its ability to participate in resolution of that issue and its interest in doing so.

In sum, Hartford has not identified any circumstances that convince the Court to exercise its discretion to stay any of the claims in this action. A stay would not simplify the issues, streamline this litigation, or reduce the burden on the parties or the Court. For those reasons, Hartford's motion is **DENIED**.

## IV.
### CONCLUSION

Based on the foregoing, Hartford's Motion to Stay Counts II and IV of Plaintiffs' Complaint, [49], is **DENIED**.

Date: 11/30/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**